## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

**ACCESS 4 ALL, INC.,**
**and DOUGLAS WILDER**

    **Plaintiffs,**

**v.**          **CASE NO.: 09-CV-589-FTM-99SPC**

**INLAND AMERICAN PORT**
**CHARLOTTE PEACHLAND, LLC.**

    **Defendants.**

_____/

### DEFENDANT'S, INLAND AMERICAN PORT CHARLOTTE PEACHLAND, LLC, ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant's, INLAND AMERICAN PORT CHARLOTTE PEACHLAND, LLC, ("Inland"), answer and assert the following defenses to the Complaint of Plaintiffs, ACCESS 4 ALL, INC., and DOUGLAS WILDER (hereinafter collectively referred to as "Plaintiffs"), and says:

### JURISDICTION

1.  Inland admits this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202, and 42 U.S.C. § 12181 *et seq.* and that these statutes speak for themselves. Otherwise, Inland denies the remaining allegations contained in paragraph 1.

### PARTIES

2.  Inland is without knowledge as to the allegations contained in paragraph 2.

3.  Inland is without knowledge as to the allegations contained in paragraph 3.

4.  Inland denies the allegations contained in paragraph 4.

5.  Inland admits that it owns and leases the facility referenced in the Complaint. Otherwise, Inland denies the remaining allegations contained in paragraph 5.

## FACTUAL ALLEGATIONS AND CLAIM

6.      Inland admits that Congress enacted the Americans with Disabilities Act ("ADA") and that the statute speaks for itself.  Otherwise, Inland denies the remaining allegations contained in paragraph 6.

7.      Inland admits that Congress enacted the ADA and that the statute speaks for itself. Otherwise, Inland denies the remaining allegations contained in paragraph 7, including all subparts.

8.      Inland admits that Congress enacted the ADA and that the statute speaks for itself. Otherwise, Inland denies the remaining allegations contained in paragraph 8, including all subparts.

9.      Inland admits that 42 U.S.C. § 12181 and 28 C.F.R. § 36.508(a) speak for themselves.  Otherwise, Inland denies the remaining allegations contained in paragraph 9.

10.      Inland admits that the facility is a place of public accommodation which provides good and services to the public.  Otherwise, Inland denies the remaining allegations contained in paragraph 10.

11.      Inland admits that the 42 U.S.C. §§ 12134(a), 12181, *et seq.* and 28 C.F.R. § 36.508(a) speak for themselves.  Additionally, Inland also admits the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA and that the regulations speak for themselves.  Otherwise, Inland denies the remaining allegations contained in paragraph 11.

12.      Inland denies the allegations contained in paragraph 12.

13.      Inland denies the allegations contained in paragraph 13.

14.      Inland denies the allegations contained in paragraph 14.

15.     Inland denies the allegations contained in paragraph 15.

16.     Inland denies the allegations contained in paragraph 16, including all subparts.

17.     Inland denies the allegations contained in paragraph 17.

18.     Inland denies the allegations contained in paragraph 18.

19.     Inland admits that 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304 speak for themselves.   Otherwise, Inland denies the remaining allegations contained in paragraph 19.

20.     Inland denies the allegations contained in paragraph 20.

21.     Inland admits that 42 U.S.C. §§12205 and 12117 speak for themselves. Otherwise, Inland denies the remaining allegations contained in paragraph 21.

22.     Inland admits the 42 U.S.C. § 12188(a) speaks for itself.   Otherwise, Inland denies the remaining allegations contained in paragraph 22.

## GENERAL DENIAL

23.     Inland denies each and every allegation and prayer of the Complaint not specifically admitted above.

## ATTORNEY'S FEES

24.     Inland has retained the law firm of Baker & Hostetler, LLP has agreed to pay it a reasonable fee for its services.   Pursuant to 28 U.S.C. § 1927 and 42 U.S.C. § 12205, Inland is entitled to recover its attorney's fees and costs.

## FIRST DEFENSE

25.     Plaintiffs do not have standing to bring this action, and therefore, the Complaint should be dismissed.

**SECOND DEFENSE**

26.     Plaintiffs have demanded modifications that would result in significant loss of sale and/or serving space and, therefore, such modifications are not readily achievable.

**THIRD DEFENSE**

27.     Plaintiffs have demanded modifications to a facility that are either not readily achievable, structurally impracticable, technically infeasible, or are not required.

**FOURTH DEFENSE**

28.     Plaintiffs have demanded modifications to a facility that would either create an undue hardship on Inland, or that would threaten the health and safety of Plaintiffs or others.

**FIFTH DEFENSE**

29.     Each of Plaintiffs' causes of action, claims, or items of damage did not accrue within the time prescribed by law for them before this action was brought.

**SIXTH DEFENSE**

30.     Prior to the institution of this action, Inland had already implemented the removal of any existing barriers pursuant to 28 C.F.R. § 36.304 to the extent the removal of said barriers were readily achievable, therefore, Plaintiffs are not entitled to an injunction or attorney's fees.

**SEVENTH DEFENSE**

31.     Plaintiffs have demanded modifications that would require Inland to fundamentally alter the way it provides its goods and services or would result in an undue burden.

**EIGHTH DEFENSE**

32.     The Complaint fails to state a cause of action up on which relief may be granted.

### NINTH DEFENSE

33.     To the extent any architectural barriers exists, they are merely technical violations within acceptable conventional building industry tolerances for field conditions and the facility, when taken as a whole, is compliant with the ADA and its implementing regulations.

### TENTH DEFENSE

34.     To the extent the Complaint seeks relief for any area that is the responsibility of another, an indispensable party defendant has not been joined in this action because the allegations of the Complaint may show that the purported violations include spaces that are the responsibility of another and it has not been joined in this action.

### ELEVENTH DEFENSE

35.     To the extent some or all of the claims or issues relate to property that is owned, operated or leased by another party, Inland is not liable for compliance on property which it does not own, operate or lease.

### TWELFTH DEFENSE

36.     To the extent any architectural barriers exists, they have already been remedied and/or removed and the issues are now moot and the facilities are compliant with the ADA and its implementing regulations.

By: s/ Brian C. Blair
    Brian C. Blair
    Florida Bar No. 0973084
    BAKER & HOSTETLER LLP
    SunTrust Center, Suite 2300
    200 South Orange Avenue
    Post Office Box 112
    Orlando, FL  32802-0112
    Telephone:  407.649.4000
    Telecopier:  407.841.0168

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 5, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **TODD W. SHULBY, ESQ.** at tshulby@shulbylaw.com.

s/Brian C. Blair
Brian C. Blair